IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFREY CHARLTON, as substitute ) | |
| for Mary Charlton, deceased wage earner, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:10-CV-0056-O-BH |
| ) | |
| MICHAEL ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for proposed findings of fact and recommendation for disposition. Before the Court is *Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)*, filed July 14, 2011 (doc. 29). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On March 10, 2006, claimant Mary Charlton (Claimant) filed applications for disability and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423(d)(1)(A), 1382. The Social Security Administration denied her applications initially and upon reconsideration. Upon timely request for a hearing, an Administrative Law Judge (ALJ) held a hearing and found her not disabled. The Appeals Council denied her request for review, and the ALJ's decision became the final decision of the Commissioner. Claimant then appealed the decision to district court pursuant to 42 U.S.C. § 405(g). She passed away on March 23, 2010, and her husband (Plaintiff) was substituted as the plaintiff on April 20, 2010. On August 26, 2010, the Court entered judgment, reversing and remanding the case for further proceedings. In compliance with the order, the Appeals Council remanded the case for an administrative hearing. On October 29, 2010,

Plaintiff moved for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $5,927.25. The Court granted the unopposed motion the same day. On March 29, 2011, an ALJ held a hearing, and the Commissioner issued a notice of award on May 22, 2011. Plaintiff received a subsequent notice of award on June 9, 2011, that replaced the previous one and awarded him $50,641 in past-due benefits.

On July 14, 2011, Plaintiff's attorney filed this motion for an award of $10,000 in attorney's fees for her work in federal court under 42 U.S.C. § 406(b). She seeks the award pursuant to a fee agreement in which Claimant agreed to pay up to 25 percent of her past-due benefits for work on her case in a federal court. The fee agreement specifies that if both fees under the EAJA and a percentage of past-due benefits were awarded to the attorney, the attorney would refund the lesser amount. Defendant objects that the motion for attorney fees "appears untimely" and asks the Court to conduct an independent review of the requested fee to determine whether it is reasonable for the services rendered. The motion for attorneys fees is now ripe for consideration.

## II. ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). Section 406(a) governs attorney's fees for representation of a claimant in administrative proceedings. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).[1]  Section 406(b), at issue here, governs attorney's fees for representation of a claimant in court. *See id.* Section 406(b) provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court

---

[1] Plaintiff's attorney at the administrative level plans to seek an award of not more than 25% of the back due benefits under 42 U.S.C. § 406(a) for work done outside of Federal Court. A federal court does not determine whether to award fees under § 406(a).

may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . ." 42 U.S.C. § 406(B)(1)(A).  Given this language, an award of fees pursuant to § 406(b) must not only be limited to 25 percent of the claimant's award of past-due benefits but must also be reasonable.  *Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800).

**A. Timeliness**

Defendant objects that the request for attorney's fees in this case is untimely under the Fifth Circuit's decision in *Pierce v. Barnhart*, 440 F.3d 657 (5th Cir. 2006).  While § 406(b) itself does not contain a specific time period for the filing of a request for attorney's fees, the Fifth Circuit suggested in *Pierce* that a motion for attorney's fees under § 406(b) should be filed within 14 days of the entry of final judgment, as required by Fed. R. Civ. P. 54(d)(2).  *See* 440 F.3d at 664.  The court acknowledged, however, that the expansion of that time period is within the district court's discretion. *See id.* (noting that Rule 54(d)(2)(B) provides for a 14-day period for requesting attorney's fees "[u]nless otherwise provided by statute or order of the court" and finding abuse of discretion where district court dismissed applications as untimely without first imposing a deadline to re-file Plaintiff's premature attorney's fees applications).  The court recognized that when a case is remanded back to the Commissioner for further proceedings, the outcome of those proceedings is unknown, and therefore it would be premature for a Plaintiff to request attorney's fees within 14 days of the entry of judgment.  *Foster v. Astrue*, 2011 WL 4479087, at *1 (S.D. Tex. Sept. 6, 2011) (citing *id.*); *Wilcox v. Astrue*, 2010 WL 3075264, at *1 (S.D. Tex. Aug. 5, 2010).  The better course of action therefore is to file the motion in a timely manner after the award of benefits.  *Foster*, 2011 WL 4479087, at *1 (citing *Pierce*, 440 F.3d 657).

Here, Plaintiff received the final notice of award on June 9, 2011, and moved for an award of

attorney's fees on July 14, 2011, within five weeks of the final notice of award. The motion for attorney's fees has been filed within a reasonable time of the notice of award and does not prejudice Plaintiff. District courts in this circuit have used their discretion to find motions timely even when they have been filed more than fourteen days after the award of benefits. *Compare Daigle v. Social Sec. Admin.*, 2010 WL 3522389, at **1-3 (W.D. La. Aug 31, 2010) (attorney's fees motion was timely when filed over four months after the Commissioner issued a favorable decision) and *Foster*, 2011 WL 4479087, at *2 (motion was timely when filed four months after the Commissioner issued a favorable decision), *with Brown v. Commissioner of Social Sec. Admin.*, 2008 WL 2705457, at *1 (W.D. La. July 10, 2008) (motion was untimely when filed almost five months after the notice of award and almost two months after the Commissioner had sent a letter to the attorney inquiring whether she had petitioned the court for § 406(b) fees) and *Londo v. McMahon*, 2009 WL 87595, at *2 (W.D. La. Jan. 12, 2009) (motion was untimely where award was issued nearly five months after the entry of judgment, the attorney had failed to support his motion with evidence of whether his client had received a notice of award, and he had not addressed the arguments raised by the Commissioner other than submitting an affidavit of his with no explanation).

**B. Reasonableness**

Defendant also urges the court to conduct an independent review of the requested fee to determine whether it is reasonable for the services rendered. As here, attorneys often obtain fees from their clients pursuant to a contingency-fee agreement. *Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800). Although the Commissioner has no direct financial stake in the fee award, his role in the fee determination resembles that of a trustee for the claimant, requiring him to question the reasonableness of the fee requested pursuant to the contingency fee agreement. *See Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). The Supreme Court has

held that contingency fee agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. *Gisbrecht*, 535 U.S. at 807. Where contingency fee agreements are within the statutory ceiling, however, § 406(b) does not displace them "as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *See Gisbrecht*, 535 U.S. at 807.

Courts generally employ the lodestar method in determining reasonable attorney's fees, i.e. they calculate attorneys fees by multiplying a reasonable number of hours by a reasonable hourly rate. *See Raspanti v. Caldera*, 34 F.App'x 151 (5th Cir. 2002). The Supreme Court has "explicitly rejected an attorney's primary reliance on the lodestar method as the 'starting point' in determining a fee's reasonableness pursuant to § 406(b)." *Jeter*, 622 F.3d at 378 (citing *Gisbrecht*). It has stated, however, that if the benefits resulting from a contingency fee agreement are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow a "windfall" for the lawyer. *See Gisbrecht*, 535 U.S. at 807. The Fifth Circuit has interpreted this language in *Gisbrecht* to hold that a court may consider the lodestar fee in its analysis "so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380. In other words, a court may consider an effective hourly fee rate in its windfall assessment "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.* Although the Fifth Circuit did not prescribe an exhaustive list of factors that district courts should consider in determining whether a particular fee is unearned, it has noted several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the

past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82. The attorney has the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

Here, Plaintiff's attorney has shown that the fees she requests under § 406(b) are reasonable. The contingency fee agreement falls within the statutory ceiling of 25 percent of past-due benefits, and the $10,000 requested is only 19.75 percent of the $50,631 awarded in past-due benefits. There is a substantial risk of loss in civil actions for social security disability benefits. The attorney has provided evidence that in 2000, social security claimants who appealed to federal court received benefits only 35 percent of the time. *See* SSAB, *Disability Decision Making: Data And Materials* (Jan. 2001), at 86, *available at* http://www.ssab.gov/Publications/Disability/chartbook1.pdf.[2] The attorney also faced a substantial risk of loss in this case because Claimant had lost at all levels of the administrative proceedings, and the Commissioner had fully briefed and argued against remand in this court. The fees sought reflect the result obtained -- Plaintiff recouped $50,631 in wrongfully-denied past-due benefits.

Counsel provided effective and efficient representation, expending 35 hours in preparing a 22-page opening brief and a 6-page reply brief that discussed three issues and developed each with legal and factual analysis. While her resulting hourly rate of $285.71 is more than the EAJA rate of $169.35 for legal services performed in 2009 and 2010, it does not constitute a windfall. Reliance on a non-contingent rate without taking into account the contingent nature of a § 406(b) fee would under-compensate the attorney for the substantial risk of loss she faced. The attorney has two years of

---

[2] The attorney explains that in Fiscal Year 2000, federal courts awarded Social Security benefits to 6% of plaintiffs and remanded 48% of cases. Upon remand, 60% of the remanded cases resulted in an award of benefits. She calculates that Social Security claimants who go to federal court receive benefits 35% (6% + (48% x 60%)) of the time.

experience in civil litigation and appellate advocacy almost exclusively in the area of social security law. While rare, her non-contingent hourly rate for matters outside social security law is $225.00 per hour, and she does not have a non-contingent hourly rate for social security cases by law. Also, statistics from the State Bar of Texas show that in 2009, the hourly rate for a Texas practitioner in the administrative and public law area was $239.00 an hour, the rate for an appellate attorneys was $242.00 an hour, the median rate for appellate attorneys practicing in the Dallas/Fort Worth area was $275.00 an hour, and the average rate of attorneys in Texas with under two years of experience was $189.00 an hour. Finally, given the EAJA offset, the amount recoverable from the past-due benefits would be $4072.75,[3] which constitutes only 12.43 percent of the past-due benefits.

### III. RECOMMENDATION

Plaintiff's attorney's motion for attorney fees totaling $10,000 should be **GRANTED**.

**SO RECOMMENDED** on this 22nd day of November, 2011.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] This amount is calculated by subtracting the EAJA award of $5,927.25 from the $10,000 requested in this motion.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE